UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FABIAN LOPEZ PALACIOS,
Petitioner,
v.
CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 3:26-cv-06222-RBM-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Fabian Lopez Palacios's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States as an unaccompanied minor on or about December 31, 2023. (*Id.* ¶¶ 13–16.) Because he was an unaccompanied minor, he was transferred to Office of Refugee Resettlement ("ORR") custody, where he remained until being released into the care of his sister on January 18, 2024. (*Id.* ¶ 16.) Respondents concede that this constituted a "previous[] release[] from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." (Doc. 5 at 1–2.) After his release, Petitioner "remained at liberty in the United States until September 20, 2026," when ICE officers arrested Petitioner at a gas station in Burlington, Washington. (Doc. 1 ¶¶ 19–20.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. (Doc. 1 ¶¶ 38–62.) Respondents "respectfully defer to the Court for the appropriate relief," and note that Petitioner had a bond hearing scheduled for November 9, 2026. (Doc. 5 at 2.) In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

### A. Remedy

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge*

[1] *See Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *4–7 (S.D. Cal. Nov. 13, 2025); *Sarr v. Casey*, Case No.: 3:26-cv-02343-RBM-MSB, 2026 WL 1419635, at *2–3 (S.D. Cal. May 20, 2026); *Valente Fernandez v. Warden*, Case No.: 3:26-cv-03683-RBM-SBC, 2026 WL 2584991, at *3–4 (S.D. Cal. Sept. 1, 2026).

*M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

**B. Mootness**

Neither Party has indicated whether the scheduled bond hearing occurred or, if so, the outcome of that bond hearing. But even if the bond hearing occurred and Petitioner was released from custody, the Petition would not be moot and the Court would retain jurisdiction. Although a habeas petition that primarily seeks release may become moot if the petitioner is released, *see Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997), it does not become moot if there remains some "collateral consequence that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064–65 (9th Cir. 2007) (citation omitted). In other words, a petition is moot only where the Court can no longer "grant any effective relief." *Lopez v. Blanche*, Case No. 2:26-cv-01298-CDS-EJY, 2026 WL 1875797, at *3 (D. Nev. June 29, 2026) (citation omitted).

Here, Petitioner seeks not only immediate release, but injunctive relief preventing Respondents "from re-detaining Petitioner without prior notice and a hearing before a neutral decisionmaker." (Doc. 1 at 19, Prayer for Relief; Doc. 6 at 9.) Therefore, the Court can still grant Petitioner effective relief. *Accord Lopez*, 2026 WL 1875797, at *3 (finding that a petition was not moot where the court could order injunctive relief); *Nguyen v. ICE*, Case No. EDCV 26-02085-KK-ASx, 2026 WL 3135857, at *2–3 (C.D. Cal. Sept. 11, 2026) (finding that a petition was not moot where the respondents could "re-detain [p]etitioner without procedural safeguards" in the absence of additional injunctive relief).

## IV. CONCLUSION

For the foregoing reasons the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. If Petitioner was granted bond at the bond hearing on November 9, 2026, Respondents **SHALL RELEASE** Petitioner pursuant to the terms of the immigration judge's bond order. If the bond hearing did not occur, or if Petitioner was denied bond, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE: November 10, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner requests that the burden be on the Government to show danger or flight risk by clear and convincing evidence. (Doc. 1 at 19, Prayer for Relief.) This request is foreclosed by Ninth Circuit precedent regarding the applicable burden of proof under § 1226(a). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").